IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAMELA MCDEAVITT, | ) |
| Appellant, | ) ) ) |
| v. | ) 2:22-CV-18-NR ) ) Consolidated Lead Case |
| RONDA WINNECOUR,[1] | ) ) |
| Appellee. | ) ) |

# MEMORANDUM OPINION

This is a consolidated appeal from two related orders of the bankruptcy court. The first order denied reconsideration and granted relief from the Chapter 13 automatic stay, allowing Appellee Wilmington Savings Fund Society to foreclose and take possession of the residence of the debtor, Appellant Pamela McDeavitt. The second order dismissed with prejudice Ms. McDeavitt's complaint in an adversary proceeding against Wilmington, where she essentially alleged why relief from stay was not warranted.

The state courts have already adjudicated Ms. McDeavitt's right and interest in her residence. They concluded that Ms. McDeavitt defaulted on her mortgage, that Wilmington had standing to take possession of Ms. McDeavitt's home as a successor to the original lender, and that Wilmington has the right of possession to the home. Final judgments were issued in two separate state-court actions, conclusively settling these issues. As such, Ms. McDeavitt has no remaining legal or equitable interest in her residence, and so the bankruptcy court was right to conclude that cause existed to provide relief to Wilmington from the automatic stay.

---

[1] This case caption erroneously names Chapter 13 Trustee Ronda Winnecour as Appellee. In fact, the party seeking possession of Ms. McDeavitt's property is Wilmington Savings Fund Society, FSB, as Trustee of Stanwich Mortgage Loan Trust A. The Court previously issued an order of clarification at ECF 23.

Ms. McDeavitt's only arguments now on appeal take aim at the state-court judgments and the errors made by the state courts. For the reasons discussed below, however, the *Rooker-Feldman* doctrine strips this Court of jurisdiction to consider the merits of these arguments. And even if it did not, Ms. McDeavitt's attacks on the state-court judgments are barred by *res judicata*. The Court is sympathetic to Ms. McDeavitt and her 16-year fight to keep her home, but the Court is bound to apply the law. So, the Court will affirm the orders of the bankruptcy court to allow Wilmington to take possession of the residence.

## BACKGROUND

Ms. McDeavitt's home has been the subject of litigation for approximately 16 years. In 2005, Ms. McDeavitt defaulted on her home mortgage with lender Beneficial Consumer Discount Company, and foreclosure proceedings commenced in October 2006. *See* ECF 20-9. Following a consent judgment issued on May 6, 2009, Ms. McDeavitt defaulted again. ECF 26-2; ECF 26-3. Beneficial then executed on the consent judgment and purchased the property at a Sheriff's Sale in 2010. At this point, Ms. McDeavitt sought relief in state court.

Two state-court cases are particularly important to the disposition of the present appeal. In the first case – the 2010 foreclosure action – Ms. McDeavitt moved to set aside the consent judgment and Sheriff's Sale. Though she initially was successful, the Pennsylvania Supreme Court reversed. *Beneficial Consumer Discount Co. v. Vukman*, 77 A.3d 547 (Pa. 2013). The lower courts then confirmed the Sheriff's Sale in favor of Beneficial. ECF 26-14; 26-17. This judgment became final in December 2015 when the Pennsylvania Supreme Court denied Ms. McDeavitt's petition for allowance of appeal. 129 A.3d 1240 (Pa. 2015).

In the second case – the 2016 ejectment action – the court granted a motion to substitute Wilmington for Beneficial and later granted summary judgment against Ms. McDeavitt, ordering that she be ejected. ECF 20-19. This judgment became final

in May 2021, after the Pennsylvania Supreme Court denied allowance of appeal. 253 A.3d 225 (Pa. 2021).[2]

Eventually, Ms. McDeavitt filed for Chapter 13 bankruptcy and brought an adversary proceeding in federal bankruptcy court. In October 2021, the bankruptcy court granted Wilmington's motion for relief from automatic stay. ECF 3-2, pp.6-7. Ms. McDeavitt moved for reconsideration of that order, which the court denied. ECF 3-2, pp. 12-15. In December 2021, the bankruptcy court dismissed Ms. McDeavitt's adversary proceeding. ECF 20-2, pp. 9-12. As a result, she is slated for ejectment. Ms. McDeavitt appeals the bankruptcy court's orders denying reconsideration and granting relief from Chapter 13's automatic stay and dismissing her adversary proceeding.[3]

## **DISCUSSION & ANALYSIS**

On a bankruptcy appeal, this Court reviews a bankruptcy court's legal conclusions *de novo*, and its factual findings for clear error. *Am. Flint Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76, 80 (3d Cir. 1999); *In re Montgomery*

---

[2] Ms. McDeavitt and her family members also filed a series of motions and petitions in state court collaterally attacking these main judgments. Examples include petitions to intervene, motions for recusal, and motions "to strike with rule to show cause," "to dismiss with rule to show cause," and "to deem admitted and rule absolute." ECF 26-1. These attempts have been rejected by the state courts as well. *E.g.*, 230 A.3d 1011 (Pa. 2020) (denying allowance of Ms. McDeavitt's appeal regarding collateral motions); 253 A.3d 225 (Pa. 2021) (same); *see* ECF 26-47, p. 6 (Pennsylvania Supreme Court denying Ms. McDeavitt's petition for Writ of Mandamus).

[3] These are final appealable orders because they end the litigation on the merits. In bankruptcy, "the adjudication of a motion for relief from the automatic stay forms a discrete procedural unit within the embracive bankruptcy case. That yields a final, appealable order when the bankruptcy court unreservedly grants or denies relief." *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 586 (2020); *see also In re Comer*, 716 F.2d 168, 172 (3d Cir. 1983) (observing that an order lifting the stay "is final in the sense that it completes litigation on the question and subjects the property to foreclosure action in state court").

*Ward Holding Corp.*, 326 F.3d 383, 387 (3d Cir. 2003). In determining whether the bankruptcy court correctly granted relief from stay, the Court must consider whether "cause" existed. *See* 11 U.S.C. § 362(d)(1). "Cause" for relief from stay exists where the debtor has a "lack of any interest beyond possession." *Butko v. Ciccozzi*, No. 2:21-CV-150-NR, 2021 WL 1608481, at *10 (W.D. Pa. Apr. 26, 2021) (Ranjan, J.) (collecting cases). After carefully reviewing the parties' arguments and the extensive state-court record, the Court finds that the bankruptcy court correctly held that cause existed and that Wilmington was entitled to relief from stay.

As noted above, Ms. McDeavitt no longer has any legal or equitable interest in her property. It appears that she still resides in the property, and therefore has the possessory interest equivalent to that of a squatter. As this Court has previously noted, "the Third Circuit has held that a bare possessory interest can trigger the automatic stay." *Butko*, 2021 WL 1608481, at *10 n.6 (citing *In re Atl. Bus. & Cmty. Corp.*, 901 F.2d 325, 328 (3d Cir. 1990)). However, the weight of the authority in this Circuit has interpreted this Third Circuit decision as requiring the debtor to at least have some colorable legal right in the property to obtain the benefit of the automatic stay." *Id.* (citation omitted). Here, Ms. McDeavitt has no colorable legal right to the property. Moreover, the only reason she has even a present possessory right is by virtue of this Court's temporary administrative stay, which delayed her ejectment so that the merits of this appeal could be addressed. *See* ECF 17. The property was sold at a Sheriff's Sale, and there are state-court judgments authorizing Wilmington's possession of the residence and ordering Ms. McDeavitt's ejectment. Without any legal or equitable interest in the property by Ms. McDeavitt, the bankruptcy court was correct to find cause existed for relief from the automatic stay.

On appeal, Ms. McDeavitt takes aim at the state courts' decisions. For example, she alleges that the state courts – and, subsequently, the bankruptcy court – ignored a quitclaim deed, allowed the case to proceed with an improper plaintiff

(*i.e.*, arguing that Wilmington was improperly substituted and therefore lacked standing), unfairly denied discovery, failed to sign decisions properly, did not require proper notice, and ignored "fatal defects on the record." ECF 20, pp. 3-7.

At bottom, as the bankruptcy court correctly explained, Ms. McDeavitt's "grounds for denial of Wilmington's motion were alleged errors in state court proceedings which would invalidate the judgments in the foreclosure and ejectment actions." ECF 3-2, p. 16 (quoting Ms. McDeavitt at Dkt. 30 of Case No. 21-21846-CMB – "there is so much wrong with the underlying foreclosure and ejectment cases that must eventually be considered by this court"). And her complaint for her 'adversary proceeding' was "in the nature of an additional response to the Stay Motion" and "challenge[d] the state court's orders, restate[d] her arguments made and rejected by the state court, and allege[d] her appeal was improperly dismissed." ECF 20-2, p. 10. Ms. McDeavitt effectively asked the bankruptcy court – and now asks this Court – to set aside the state-court judgments.

The *Rooker-Feldman* doctrine bars such a result. *Rooker-Feldman* applies when "state-court losers complain[] of injuries caused by state-court judgments rendered before the district court proceedings commenced and invit[e] district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010). Thus, *Rooker-Feldman* forbids a federal district court from exercising "appellate" jurisdiction over a state court, even if the state decision was wrong. *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415 (1923) ("If the constitutional questions…actually arose in the cause, it was the province and duty of the state courts to decide them; and their decision, whether right or wrong, was an exercise of jurisdiction."); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) ("A United States District Court has no authority to review final judgments of a state court in judicial proceedings."). This applies to federal bankruptcy courts as well. *In*

*re Madera*, 586 F.3d 228, 232 (3d Cir. 2009) (holding that *Rooker-Feldman* precludes bankruptcy court jurisdiction where "a favorable decision for [debtor] in the federal courts would prevent the Court of Common Pleas from enforcing its order to foreclose the mortgage").

For the *Rooker-Feldman* doctrine to apply, four requirements must be met: "(1) the federal plaintiff lost in state court, (2) the plaintiff complains of injuries caused by the state-court judgment, (3) that judgment issued before the federal suit was filed, and (4) the plaintiff invites the district court to review and reject the state-court judgment." *Wade v. Monroe Cnty. Dist. Att'y*, 800 F. App'x 114, 118 (3d Cir. 2020), *cert. denied*, 141 S. Ct. 344, 208 L. Ed. 2d 79 (2020). Such is the case here.

First, Ms. McDeavitt has vigorously pursued her rights in state court as she has fought foreclosure, but has lost. Second, Ms. McDeavitt's claimed injuries all flow from the state-court judgments – that is, her claims concern attacks on the state court decisions and the due process afforded to her by the state courts in the course of the state litigation.[4] Third, Ms. McDeavitt filed a voluntary Chapter 13 bankruptcy

---

[4] To be clear, *Rooker-Feldman* doesn't bar all due-process type claims. For example, if another party had done something to conspire to strip Ms. McDeavitt's due process rights in the course of the state-court litigation, then the *Rooker-Feldman* doctrine may not apply. *Calipo v. Erie Cnty. Off. of Child. & Youth Servs.*, 786 F. App'x 329, 332 (3d Cir. 2019) ("Calipo's complaint can be liberally construed to allege, *inter alia*, that certain actors conspired to deprive her of due process by submitting fraudulent or misleading evidence and by failing to allow her to participate in the hearing process. The *Rooker-Feldman* doctrine does not bar those claims, as the alleged injuries do not flow from the state-court's judgment.").

But Ms. McDeavitt's complaints here are primarily with the due process afforded her by the state courts. *See* ECF 27, p. 4 ("Pamela has raised numerous issues of due process violations regarding fatal defects on the record in the underlying foreclosure and ejectment cases. Pamela has raised several issues of due process violations regarding her 'appeals' which were not in accordance with the Pa. Rules of Civil Procedure, Pa. Rules of Appellate Procedure, and Internal Operating Procedure of Pa. Superior Court."); *see also id.* at p. 11 ("Apparently, the state courts, appellate Courts and Bankruptcy Court all agree with [Wilmington] that Pamela is not entitled to equal access to the courts and equal protection under the law[.]"). Because Ms.

petition on August 19, 2021, long after the state court's decision became final through the exhaustion of appeals, including to the Pennsylvania Supreme Court. *Beneficial Consumer Discount Co. v. Vukman*, 129 A.3d 1240 (Pa. 2015) (denying allowance of Ms. McDeavitt's appeal); 253 A.3d 225 (Pa. 2021) (same); *see* ECF 3-2, pp. 14-15. Fourth, McDeavitt's core injury – legal transfer of rights to Wilmington and impending ejectment from her home – are the result of the state-court judgments. Now, she asks the federal courts to find in her favor and effectively overrule the state courts. *E.g.*, ECF 27, p. 17 (calling on the Court to "reject PER CURIAM dismissals of [Ms. McDeavitt's] appeals of [state court] orders"). The bankruptcy court did not have jurisdiction to do so, and neither does this Court.

Ms. McDeavitt presented her arguments to Pennsylvania courts, and those courts rejected them. The bankruptcy court found that her federal court filings generally re-hashed those same arguments, including through filing an 'adversary proceeding.' ECF 20-2, p. 11 ("[I]t seems to be Debtor's intention to file new appeals related to judgments that have already been appealed up to the state's highest

---

McDeavitt's core claims flow from the state-court judgments, they are squarely precluded by the *Rooker-Feldman* doctrine. *B.S. v. Somerset Cnty.*, 704 F.3d 250, 260 (3d Cir. 2013) (comparing *Great Western Mining & Mineral Co.*, 615 F.3d 159, 166–67 (3d Cir. 2010) (a father's suit "for the return of his son on grounds that the state judgment violates his federal substantive due-process rights as a parent" was barred by *Rooker–Feldman*)).

True, Ms. McDeavitt does occasionally allege that others – including Beneficial and Wilmington – conspired to violate her rights in the prior state-court litigation. ECF 27, pp. 17-18 ("WSFS and Beneficial failed to comply with [Pennsylvania procedural rules]. Beneficial stole Pamela's deed. Beneficial committed fraud upon the courts and Pamela when they willfully and intentionally concealed conveyance of the quitclaim deed. … The sheriff lacked authority to conduct the sale…"). But these conspiracy-type arguments are not independent of the state-court judgments, because Ms. McDeavitt raised each of these arguments in the state-court proceedings, and the state courts rejected them – ultimately confirming the Sheriff's Sale and ruling for Wilmington. In other words, any sort of conspiracy-type allegations against Wilmington were adjudicated in state court, were effectively part and parcel of the judgments, and are therefore more akin to attacks on the judgments.

court."). Because nothing new was raised, the bankruptcy court was correct to lift the automatic stay and dismiss the adversary proceeding.

Finally, in addition to the *Rooker-Feldman* doctrine, *res judicata* bars Ms. McDeavitt's attacks on the state-court judgments. The bankruptcy court did not reach the issue, but this Court can affirm on this alternative basis, which is apparent from the face of the record, and which was briefed to this Court. *See Laurel Gardens, LLC v. McKenna*, 948 F.3d 105, 116 (3d Cir. 2020) ("Generally, [an appellate court] may affirm on any ground supported by the record, and an appellee may urge affirmance on such a ground even if the [lower court] overlooked it or it involves an attack on the [lower court's] reasoning.").

*Res judicata* applies when there is "(1) a final judgment on the merits in a prior suit involving; (2) the same parties or their privities; and (3) a subsequent suit based on the same cause of action." *Bd. of Trustees of Trucking Emps. Of N.J. Welfare Fund, Inc. – Pension Fund v. Centra*, 983 F.2d 495, 504 (3d Cir. 1992). All three elements are satisfied here. The state courts issued final judgments in both the foreclosure and ejectment actions, and these decisions have withstood the state appellate process. Wilmington and Beneficial – Ms. McDeavitt's lender who initially began proceedings – were in privity because Beneficial conveyed its interest in Ms. McDeavitt's property to Wilmington by quitclaim deed, which was recorded on March 23, 2018. ECF 20-7, p. 3. The Court of Common Pleas substituted Wilmington as plaintiff, and Wilmington took over proceedings seeking possession of Ms. McDeavitt's property. *Id.* at pp. 3-4; *see In re Montgomery Ward, LLC*, 634 F.3d 732, 738 (3d Cir. 2011) (explaining that an "exception[] to the general rule against non-party preclusion" exists "where the nonparty assumed control of the prior litigation[.]") (citing *Taylor v. Sturgell*, 553 U.S. 880, 895 (2008)). And Ms. McDeavitt's bankruptcy proceedings deal with the same foreclosed property that was at issue in state court.

Ultimately, Ms. McDeavitt litigated in state court the issues of Wilmington's standing and the alleged due process errors, and she lost. Those decisions are preclusive here. *E.g.*, ECF 20-19 (granting summary judgment for Wilmington); ECF 26-14 (denying motion to set aside Sheriff's Sale); ECF 26-20 (barring further filings in the foreclosure case); ECF 26-30 (denying motion to void and dismiss); ECF 26-46 (denying motion to strike and ordering a writ of possession for Wilmington).

## CONCLUSION

For the foregoing reasons, the Court will affirm the orders of the bankruptcy court. An appropriate order follows.

DATE: August 4, 2022                                BY THE COURT:

                                                    /s/ *J. Nicholas Ranjan*
                                                    United States District Judge